NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEIL HORNSBY, Husband; MARICOR POAGE HORNSBY, Wife, | No. 15-35686 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-00394-SAB |
| v. | MEMORANDUM[*] |
| ALCOA, INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted December 7, 2017[**]
Seattle, Washington

Before: O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

Plaintiff Neil Hornsby appeals the district court's dismissal with prejudice of

his First Amended Complaint. We have jurisdiction under 28 U.S.C. § 1291, and

we review "a district court's determination of whether a plaintiff's complaint

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

complied with the notice pleading requirements" *de novo*.  *Lehman v. Nelson*, 862 F.3d 1203, 1211 (9th Cir. 2017) (quoting *Pickern v. Pier 1 Imp. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)).

From 2000 to 2002, and again from 2003 to 2008, Neil Hornsby worked at Alcoa Wenatchee Works in various capacities in the pot rooms.  In 2015, Hornsby was diagnosed with congestive heart failure, Stage II.  He then sued Alcoa under Washington's Industrial Insurance Act, RCW 51.24.020, alleging that Alcoa deliberately injured him, and Alcoa removed the case to the district court.  The district court subsequently dismissed Hornsby's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  We affirm that dismissal.

Under Title 51 RCW, the Washington state legislature has created "a no-fault system for efficiently compensating workers injured on the job.  As part of that system, employers receive immunity from civil suits resulting from on-the-job injuries."  *Walston v. Boeing Co.*, 181 Wash. 2d 391, 393 (2014).  Employers who deliberately injure their employees, however, are not immune from suit.  *Id.*  The Washington Supreme Court has further clarified that the narrow exception to the statute is reserved for claims where "the employer had *actual knowledge* that an injury was *certain to occur* and willfully disregarded that knowledge."  *Id.* at 396 (quoting *Birklid v. Boeing Co.*, 127 Wash. 2d 853, 865 (1995)).  Therefore,

Hornsby must plead that (1) Alcoa had actual knowledge that Hornsby's injuries were certain to occur, and (2) Alcoa willfully disregarded that knowledge.

"[W]e begin by taking note of the elements a plaintiff must plead to state a claim . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Under Federal Rule of Civil Procedure 8(a), "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Somers v. Apple, Inc.*, 729 F.3d 953, 959–60 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The plausibility standard is not met here. In his First Amended Complaint, Hornsby makes conclusory allegations that "Alcoa deliberately injured Plaintiff Neil Hornsby because it had actual knowledge that an injury or disease was certain to occur and willfully disregarded that knowledge." In support of these contentions, Hornsby points to Alcoa's knowledge that (1) he had "collapsed from heat stress in August 2005," (2) "Hornsby's [2007] individual pulmonary function

3

results showed 'mild restrictive' with 'no restrictions,'" and (3) a 2008 pulmonary test "showing a further decline in his pulmonary function."

Furthermore, Hornsby alleges that Alcoa had the requisite "actual knowledge" that injury was certain to occur if Hornsby returned to work because it was aware of various medical studies and testimony that showed it was "biologically plausible for aluminum particles to cause pulmonary fibrosis," and "exposure to aluminum powder is thought to be directly correlated with the development of pulmonary fibrosis in aluminum industry workers."

Even if true, that is insufficient to state a plausible claim for relief. Although Alcoa might have guessed that exposure to aluminum particles could be harming Hornsby, it did not have "actual knowledge" that his 2005 collapse or subsequent decline in pulmonary function was caused by his work alone. Additionally, the studies and testimony cited by Hornsby undermine his own claim, as they merely show that a connection between aluminum particles and pulmonary fibrosis is "*plausible*" or "*thought to be* directly correlated." Therefore, Alcoa cannot be said to have actually known that Hornsby's work in its factory was the direct cause of his ailments or that if he returned to work "an injury was certain to occur." *Walston*, 181 Wash. 2d at 396.

Last, by Hornsby's own account, he was unaware of his condition until November 5, 2014—over six years after Hornsby left Alcoa. We find it difficult to

4

reconcile the allegation that Alcoa had actual knowledge of impending or current harm, with the fact that Hornsby himself did not know he was injured until years later. That is not plausible. Accordingly, we affirm the district court's dismissal of Hornsby's First Amended Complaint.

Costs awarded to Appellee Alcoa, Inc.

**AFFIRMED.**